Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PARVEEN SAYANI and ABDUL SAYANI, her husband,<br><br>*Plaintiffs*,<br><br>v.<br><br>WHOLE FOODS MARKET, WO MADISON, LLC c/o THOMSON TAX & ACCOUNTANT, JOHN DOES 1-10 (said names being fictitious), and XYZ CORPORATIONS 1-10 (said names being fictitious),<br><br>*Defendants*. | Civil Action No. 18-17149 (JMV)<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Plaintiffs Parveen Sayani and, her husband, Abdul Sayani's (collectively "Plaintiffs") motion to remand to state court. Defendant Whole Foods Market ("Defendant") opposes this motion. This motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. The Court has reviewed the parties' submissions in support and opposition,[1] and for the reasons stated below, Plaintiffs' motion is **DENIED**.

I. FACTS[2] AND PROCEDURAL HISTORY

---

[1] Plaintiffs' brief in support of their motion will be referred to as "Pl. Br." (D.E. 4-2); Defendant's opposition will be referred to as "Def. Opp." (D.E. 5); and Plaintiffs' reply brief will be referred to as "Pl. Reply" (D.E. 6).

[2] The facts of this matter derive from Plaintiffs' Complaint filed in the Superior Court of New Jersey, Law Division, Middlesex County, D.E. 4-4, and Plaintiffs' brief in support of their motion

On or about July 25, 2018, Plaintiffs instituted this action in the Superior Court of New Jersey. Pl. Br., Ex. A. Plaintiffs alleged that Parveen Sayani fell and suffered injuries as a result of Defendants' failure to "properly own, operate, maintain, control, repair and/or supervise the subject premises." *Id.* at 3. Plaintiffs specifically alleged in their Complaint that "as a direct and proximate result of the negligence of the defendants," Parveen Sayani

> was caused to fall and suffer injuries, has suffered and will in the future suffer much pain in mind and body, has incurred and will in the future incur expenses for medical care and treatment, has suffered and will in the future suffer economic loss, was unable and will in the future be unable to attend to her usual and customary activities and was caused to suffer permanent injury.

*Id.* at 3. Plaintiffs also alleged the following regarding Abdul Sayani:

> As a result of the negligence of the defendants aforesaid, plaintiff, ABDUL SAYANI, has been caused to suffer a loss of consortium, has been forced to undertake certain activities that he did not previously have to perform, has been caused to suffer great mental anguish as a result of his wife's injuries, has been forced to expend sums of money for medical care, has suffered economic damages and will in the future be caused to suffer said losses.

*Id.* at 4. Plaintiffs' Complaint did not allege a specific amount of damages or include an allegation that their damages exceed the minimum federal jurisdictional amount. *Id.*

On or about September 21, 2018, Defendant Whole Foods filed an Answer. Pl. Br., Ex. B. Defendant denied the allegations and asserted fifteen affirmative defenses. *Id.* at 1-5. Additionally, Defendant included the following request for a statement of damages: "Defendant requests that Plaintiff furnish, within five (5) days of the date hereof, a written specification of the

---

to remand, including the exhibits relied upon and attached thereto. D.E. 4. In ruling on a motion to remand, the district court must "focus on the plaintiff's complaint at the time the petition for removal was filed" and "assume as true all factual allegations of the complaint." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

2

amount of damages claimed, in accordance with R. 4:5-2." *Id.* at 1-5. As far as this Court is aware, Plaintiffs did not respond to Defendant's request for a statement of damages.

On November 5, 2018, Defendant made a second request, this time through a request for admissions, to learn Plaintiffs' alleged amount in controversy. Pl. Br., Ex. D at 34. The request for admissions directed Plaintiffs to admit or deny the truth of the following statement: "Plaintiffs' damages, if proven at trial, are valued in excess of $75,000, exclusive of interests and costs." *Id.* On November 27, 2018, Plaintiffs responded to Defendant's request and admitted that their alleged damages were over $75,000. *Id.* at 38. Defendant claims that this response was the first instance that put Defendant on notice that the amount in controversy exceeded $75,000. Def. Opp. at 2.

On December 13, 2018, Defendant Whole Foods removed the case to this Court pursuant to 28 U.S.C. § 1441(a) on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Pl. Br., Ex. D ¶¶ 11-14. According to Defendants, Plaintiffs are citizens of New Jersey. *Id.* ¶ 2. Defendant Whole Foods is a citizen of Delaware and Texas. *Id.* ¶ 1. In its notice of removal, Defendant alleged that complete diversity of citizenship exists between the parties[3] and the amount in controversy exceeds $75,000, so removal is proper. *Id.* ¶ 9-11. Defendant further claimed that removal is timely under 28 U.S.C. § 1446(b) because the notice of removal was filed within thirty days of Defendant's first notice that Plaintiffs' claimed damages exceed $75,000 and within one year of the filing of the Complaint. *Id.* ¶ 14.

On December 28, 2018, Plaintiffs filed the current motion to remand this case to state court, alleging that Defendant's removal was untimely because the notice was filed over thirty days after

---

[3] The Court accepts this representation for purposes of this motion. The Court, however, is issuing an Order to Show Cause to Defendant WO Madison, LLC c/o Thomson Tax Accountant to confirm its citizenship for diversity purposes.

3

Defendant received the summons and complaint. D.E. 4; Pl. Br. at 4. Defendant filed opposition, D.E. 5-2, to which Plaintiffs replied, D.E. 6.

## II. LEGAL STANDARD

The federal removal statute provides as follows:

> Except as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Federal district courts have subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States[.]" 28 U.S.C. § 1332(a).

Generally, defendants are required to file a notice of removal within thirty days of receiving the initial pleading. 28 U.S.C. § 1446(b)(1). However, when it is not evident from the face of the initial pleading that the case is removable, "a notice of removal may be filed within 30 days after receipt by the defendant ... of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

When an action is removed by a defendant, a plaintiff may challenge the removal by moving to remand the case. 28 U.S.C. § 1447. The two grounds for remand include "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). A motion to remand based on a defect in the removal process "must be made within 30 days after the filing of the notice of removal under section 1446(a)," 28 U.S.C. § 1447(c), but "a motion to remand based on lack of subject matter jurisdiction

may be made at any time before final judgment." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212-13 (3d Cir. 1991) (citing 28 U.S.C. § 1447(c)).

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). A district court "must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties about the current state of controlling substantive law in favor of the plaintiff." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Removal statutes are strictly construed against removal and all doubts are resolved in favor of remand. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

### III. ANALYSIS

Plaintiffs do not challenge the Court's subject matter jurisdiction. Instead, Plaintiffs seek to remand the case to state court on the ground that the removal was procedurally defective. Pl. Br. at 4. Plaintiffs allege that Defendant's removal was untimely because the notice was filed over thirty days after Defendant received the initial pleading, which violates the time requirement set out in 28 U.S.C. 1446(b)(1). *Id.* Defendant responds that the notice of removal was timely because it was filed within thirty days of the Defendant first receiving notice that the case was removable. Def. Opp. at 3 (citing 28 U.S.C. § 1446(b)(3)). Defendant explains that since Plaintiffs' Complaint "failed to allege the amount in controversy or include a specific allegation that damages exceed the minimum federal jurisdictional amount," the first time Defendant received notice that the amount in controversy exceeded $75,000 was on November 27, 2018, when Plaintiffs responded to the request for admissions. Def. Opp. at 2-3.

5

As noted, under 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal of a civil action within thirty days of receiving the initial pleading. However, as also noted, an exception exists when a complaint does not state that a case is removable, and a defendant later learns through "an amended pleading, motion, order, or *other paper*" that the case is removable. 28 U.S.C. § 1446(b)(3) (emphasis added). In such a scenario, a defendant has thirty days to file a notice of removal. *Id.* Plaintiffs failed, in both their brief and reply, to mention this exception.

Here, Defendant was first put on notice of the amount in controversy on November 27, 2018 as a result of Plaintiffs' affirmative response to Defendant's request for admission. Plaintiffs' response to Defendant's request for admission constitutes an "other paper from which it may first be ascertained that the case is one which is or has become removable" under 28 U.S.C. § 1446(b)(3).

Plaintiffs explain that they did not specify an amount for damages in their Complaint because "a plaintiff filing a civil action in New Jersey state court is precluded from specifying an amount of damages" under New Jersey Court Rule 4:5-2. Pl. Reply at 1. Yet, Defendant is not arguing that Plaintiff was obligated to specify an amount of damages in their Complaint. Defendant is instead asserting that because Plaintiffs' claimed amount of damages was not indicated in their Complaint (as Plaintiffs freely admit), Defendants were not on sufficient notice that the federal monetary threshold applied.

Plaintiffs also rely on two opinions from Judge Lechner of this District to argue that, even without a specific amount of damages alleged in the Complaint, the Complaint's allegations nevertheless "were sufficient enough to put Defendant on notice that the claim could amount to over $75,000." *Id.* at 2. *See Carroll v. United Air Lines, Inc.*, 7 F. Supp. 2d 516, 520-523 (D.N.J. 1998); *Garofalo v. Medtronic Inc.*, 1997 WL 1049566, *1 (D.N.J. 1997). In both *Carroll* and

*Garofalo*, Judge Lechner remanded cases in which specific amounts for damages had not been alleged in the complaints because the pleadings alleged such severe injuries that defendants knew or should have known that the amounts in controversy would meet the federal diversity jurisdiction requirement. *Carroll*, 7 F. Supp. 2d at 518 (referencing allegations that plaintiff fell while deplaning from a flight due to the airline's "willful misconduct" and "suffered injuries causing *disability, impairment*" and future suffering) (emphasis in original); *Garofalo*, 1997 WL 1049566 at *1 (noting allegations that "as a result of a defective pacemaker ... [plaintiff] was caused to suffer *serious* personal injuries causing *significant* disfigurement, *permanent* loss of use of a body organ, member, function and/or system [...]") (emphasis in original). The Court disagrees.

First, this Court is not bound by Judge Lechner's prior decisions. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in ... the same judicial district [...]") (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1][d], p. 134-26 (3d ed. 2011). In addition, Judge Lechner's approach has not been followed in this District. *See Buchanan v. Lott*, 255 F. Supp. 2d 326, 330 (D.N.J. 2003) ("It is the view of this Court, however, that Judge Lechner's approach would tip the scales too far in favor of retaining federal jurisdiction over cases which are unlikely to ultimately meet the amount-in-controversy requirement of section 1332."); *Entrekin v. Fisher Scientific Inc.*, 146 F. Supp. 2d 594, 609 n.16 (D.N.J. 2001) (rejecting Judge Lechner's approach in determining when the thirty-day time limit begins to run under 28 U.S.C. § 1446(b)).

Second, even if this Court were to adopt Judge Lechner's approach, the alleged facts in Plaintiffs' Complaint are distinguishable from the allegations in *Carroll* and *Garofalo*. *Carroll* and *Garofalo* refer to allegations of extremely severe injuries, including those resulting in disability, significant disfigurement, and permanent loss of use of a body organ. *Carroll*, 7 F.

Supp. 2d at 518; *Garofalo*, 1997 WL 1049566 at *1. In comparison, Plaintiffs' alleged injuries in the present case are not as severe. *See* Pl. Br., Ex. A. While Plaintiffs do allege that Parveen Sayani was caused to suffer "permanent" injury, there is no specific description as to what that injury is, how exactly it was caused, or what treatment she required. *Id.* Furthermore, Judge Lechner's approach focused exclusively on "allegations of severe injuries," *Carroll*, 7 F. Supp. 2d at 521, whereas Plaintiffs do not use the words "serious," "severe," or "significant" to describe their injuries. Pl. Br., Ex. A. Furthermore, the complaint in *Carroll* alleged "'willful misconduct" while the Plaintiffs in the present case allege a negligence claim. *Carroll*, 7 F. Supp. 2d at 518.

Plaintiffs' Complaint did not plead specific allegations that would have fairly put Defendants on notice that the amount in controversy exceeded $75,000. Plaintiffs' allegations failed to provide Defendant with any indication of the specific types of injuries suffered by Plaintiffs. Without this information or a specifically alleged amount of damages in the Complaint, Defendant was not on sufficient notice that the amount in controversy exceeded $75,000. Thus, Defendant was only first made aware of the amount in controversy on November 27, 2018, when Defendant received Plaintiffs' response to Defendant's request for admission.

Therefore, the Court finds that Defendant's removal to this Court on December 13, 2018 was timely, because it was filed within thirty days from the date Defendant was made aware of the amount in controversy. *See* 28 U.S.C. § 1446(b)(3). Likewise, the notice of removal was filed within a year of the Complaint's initial filing. *See* 28 U.S.C. § 1446(c)(1). Accordingly, the Court denies Plaintiffs' motion to remand.

Plaintiffs also allege that they are entitled to costs and attorney's fees pursuant to 28 U.S.C. § 1447(c). Pl. Brief at 5. Since the Court denies Plaintiffs motion to remand, it likewise denies their request for fees and costs.

## IV. CONCLUSION

For the reasons set forth above, the Court denies Plaintiffs' motion to remand and request for costs and attorney's fees, D.E. 4. An appropriate Order accompanies this Opinion.

Dated: September 18, 2019

John Michael Vazquez, U.S.D.J.